## Case No. 10,755.

### PARKES et al. v. ALDRIDGE et al.

[27 Pittsb. Leg. J. 15; 2 N. J. Law J. 233.]

Circuit Court, D. New Jersey. 1879.

JURISDICTION—ALIEN—WILL—INJUNCTION.

1. The United States court has jurisdiction as a court of equity, concurrent with the orphans' court, to compel an executor to settle his accounts and give security, but it cannot interfere with a suit already begun in the orphans' court for the same purpose.

2. An alien is entitled to come into this court for the construction of a will, and, as incidental to this, may compel the settlement and distribution of the estate according to the views expressed by the court. In a suit brought by aliens in this court for the construction of a will, an injunction was issued to restrain the executor from distributing the estate, the injunction not to interfere with proceedings already taken in the orphans' court to remove the executor for neglecting to give security according to the order of that court.

On bill.

S. B. Ransom, for complainants.

John Whitehead, for defendant McClelland.

Theo. Ryerson, for defendant Aldridge.

NIXON, District Judge. On filing the original bill in this case by certain devisees for the construction of the will of Richard Parkes, deceased, late of the county of Essex, an application was made for an injunction pendente lite, restraining the executor, and the defendant Sarah Jane McClelland, from selling or incumbering any portion of the estate of the testator, and from paying, demanding, or receiving any of the proceeds of the sales of the real estate. Pending this motion, a supplemental bill was filed, setting forth, in substance, that the defendant Sarah Jane McClelland was proceeding in the orphans' court of the county of Essex to cite the said defendant Thomas Aldridge to a settlement of his accounts as executor, and asking the court to restrain the parties from any further proceedings in the premises in said orphans' court until the termination of the suit in this court.

Upon the hearing it appeared that Sarah J. McClelland was a devisee and legatee under the said will; that the will was duly proved in the orphans' court of the county of Essex, on the 10th of March, 1873, and that Thomas Aldridge was the sole executor; that long before any bill was filed in this court, to wit, on the 29th of January, 1878, the said Sarah had petitioned the orphans' court setting forth that the said Aldridge had failed to make any settlement or render any account of his acts as executor, and that he was insolvent, and praying that he might be compelled to settle and give proper security to the ordinary for the faithful execution of his trust, as required by the laws of the state; and that the recent motion to revoke the letters testamentary heretofore granted to him was a mere continuance of these pending proceedings, and grew out of refusal or neglect to execute the bond with approved security, as the orphans' court had ordered to be done, before any proceedings were begun in this court. Sections 118 and 119 of the orphans' court act (Revision N. J. p. 778) gave to that court jurisdiction of the subject-matter, and the actor in these proceedings was simply seeking to secure her rights there when the other devisees of the will filed their bill here. It is undoubtedly true that this court, irrespective of the state statutes, has a concurrent jurisdiction, and could afford the same relief that was sought for in the orphans' court proceedings. Howard v. Howard, 16 N. J. Eq. 486. But that court having first acquired the jurisdiction, any interference with the parties by this court would not only be contrary to the comity, but against law. The plaintiffs in the pending suit being aliens, they are entitled to come here for a construction of the will and, as incidental to this main question, may compel the settlement and distribution of the estate in accordance with the views of the court as to the construction of its provisions. Rev. St. § 629. As it appears from the account filed in the orphans' court, and exhibited in the pleadings here, that the executor has acted heretofore upon an erroneous interpretation of the will, and made expenditures inconsistent with the obvious intent of the testator, a provisional injunction may issue, restraining the executor from paying, and the devisee Sarah Jane McClelland from demanding or receiving, any further moneys

from the estate, until the further order of the court; but such injunction is not to be construed as an attempt to interfere with the proceedings in the orphans' court of the county of Essex, touching the removal of the executor for refusing or neglecting to obey the order of that court, to give security for the faithful performance of his duty as executor under the will of the testator.

[For a hearing on bill for account and other relief, see 8 Fed. 220.]